MOVAN AND WIFE *against* HAYS.

The assignees of an insolvent, who had obtained his discharge under the insolvent act, must be *parties* to a bill, brought to enforce the execution of an agreement, or trust, relative to his estate, existing prior to his assignment.

A re-assignment to the insolvent, by his assignees, of all the residuary interest in his estate, made without the assent of the creditors of the insolvent, interested in the *residuum*, is void.

*Parol* evidence is inadmissible to support an agreement set up in contradiction to a deed. Where no *trust* appears on the face of a deed, nor any manifestation or evidence of it by *writing*, *parol* evidence is inadmissible to show the trust.

THE plaintiffs, by a deed, dated the 5th of *January*, 1799, conveyed to the defendant, in fee, a house and lot in *New-York*, for the consideration of 2,500 dollars, subject to two mortgages; one to *T. Gardner*, for 600 dollars, and one to *John Jones*, for 650 dollars; the deed was in the usual form, with full covenants and warranty, except as to the mortgages specified, and was duly acknowledged by the grantors, and recorded the 16th of *July*, 1801. The defendant, on the 5th of *January*, 1799, executed a mortgage of the same premises to the plaintiffs, for securing the sum of 1,248 dollars and 50 cents, with interest, in one year, which was in the usual form, with a power of sale, &c. &c.; was acknowledged the same day, and recorded *July* 13, 1810.

The plaintiffs, in their bill, alleged that the plaintiff, *E. Movan*, being desirous to raise the sum of 1,200 dollars, it was agreed that he should make 20 promissory notes, each for the sum of 60 dollars; each payable three months after the other, and that the defendant should endorse them; and that, as security to the defendant, he should make the above conveyance in fee, to the defendant, and as a counter security, take a mortgage from him, which agreement was

1815.

MOVAN
v.
HAYS.

carried into effect, by executing the deed and mortgage above mentioned, and making and endorsing the notes. That the defendant immediately took possession of the premises so conveyed to him, and was in receipt of the rents and profits, which amounted to 375 dollars per annum. That the first four notes which became due, were paid by the defendant with money furnished to him by the plaintiff, *Movan*, for that purpose ; and the other sixteen notes were taken up successively by the defendant, and paid out of the rents and profits of the house and lot so conveyed to him. That since the notes have been paid, the defendant refused to deliver up the deed, or to reconvey the premises, or to account for the rents and profits, after deducting the notes so paid by him, &c. : and the plaintiffs prayed that the defendant might be decreed to deliver up and cancel the deed, or reconvey the premises, and account for the rents and profits, &c.

The answer of the defendant denied the *agreement* stated in the bill, or that any such notes, relative to the premises, or the price of the conveyance, were endorsed by him ; and he denied that the deed was executed in pursuance of any such agreement, or delivered in trust, or on any condition, or with any promise to be void, or subject to any right of redemption, but was executed upon a fair and absolute purchase, for the consideration expressed, and without any condition or trust whatever. That the defendant has paid off and discharged the two mortgages with which the premises were charged ; that he actually paid the whole consideration money of 2,500 dollars ; that, to secure a part of it, at the time, to wit, the sum of 1,248 dollars and 50 cents, he executed the mortgage of the premises, which he had paid off and discharged, though, by mistake, the mortgage was left in the hands of the plaintiff, and the registry was uncancelled. That, in part of the consideration money, he made and delivered to the plaintiff 20 promissory notes for 60 dollars, payable at different times; but one of

the notes was for a different sum, and they amounted in the whole to 1,248 dollars and 50 cents, all of which he had paid with his own money, either to the plaintiff, or to those to whom he had passed them, and most of them to the assignees of the plaintiff, who had been discharged under the insolvent act. That on receiving the deed, he took possession of the property, and received the rents and profits as his own; that he kept no account of the annual income, but it did not exceed 300 dollars per annum.

The defendant, also, insisted on the benefit of the statute of frauds, against any parol agreement, or trust, set up by the plaintiffs; and, also, that the plaintiff, *Movan*, having assigned all his property under the insolvent act, and obtained his discharge, on the 14th of *August*, 1799, that discharge was a bar to this action.

It is unnecessary to state any portion of the mass of *parol evidence* taken in the cause, it being regarded by the court as wholly inadmissible.

Among the deeds and exhibits, read at the hearing, was a power of attorney to *E. Movan*, from his assignees, dated the 16th of *January*, 1804, to recover all the debts and demands due to them as assignees of his estate, &c.; and a grant and assignment, for the consideration of 1 dollar, dated 16th of *June*, 1807, from the same assignees, to the plaintiff, *E. Movan*, of all their right, as assignees, to the *residuum* of his estate, &c.

*T. A. Emmet* and *Anthon*, for the plaintiffs.

*Riggs*, contra.

THE CHANCELLOR. The objection is well taken that the assignees of *Movan* are not parties to the bill. The interest claimed by the bill passed to the assignees, and though they afterwards re-assigned to *Movan* all the remaining interest of his estate, yet, unless it was done, which does not

1815.

MOVAN
v.
HAYS.

appear in this case, with the assent of all the creditors of *Movan,* having an interest in the estate so assigned in trust, it was a manifest breach of trust, and cannot be regarded as valid.

But admitting the bill to have been brought by the assignees, (and, on this assumed point, to save litigation, my opinion is requested,) yet, as the agreement set up in the bill is denied by the answer, and is contradictory to the deed from the plaintiffs to the defendants, it cannot be supported by parol proof. The statute of frauds is in direct contradiction to this attempt to erect and support a trust by parol evidence. The words of the act are, (act of *February* 26, 1787, s. 12.,) that " all declarations or creations of trusts of any lands shall be manifested and proved by some writing, signed by the party enabled by law to declare such trust, or else they shall be utterly void." No doubt the distinction is a just one between an agreement and a trust under the statute of frauds, and that a trust need not, like an agreement, be constituted or created by writing. It is sufficient to show, by written evidence under the party's hand, the existence of the trust. It is sufficient that the trust be manifested and proved by writing, as by a letter acknowledging the trust. (3 *Ves.* jun. 707. 12 *Ves.* 74.) But the difficulty is, that here is no manifestation, in writing, of any such trust as is charged in the bill. The writings show nothing but a plain absolute deed, in fee, from the plaintiffs to the defendant, for the consideration of 2,500 dollars, and with covenants of warranty; and a plain mortgage, in the ordinary form, from the defendant and his wife to the plaintiffs, with the usual power to sell, and made to secure the payment of a bond for 1,248 dollars and 50 cents, payable in one year thereafter. The deed and mortgage both bear date the 5th of *January,* 1799, and though the deed was recorded in *July,* 1801, the mortgage was not registered until *July,* 1810. To permit such a clear, intelligible, and ordinary transaction, to be changed by parol proof, into the

special trust and agreement set up by the plaintiffs, (and which is the ground of the bill,) would be, in effect, to repeal that part of the statute of frauds to which I have referred. The rule is well established in this court, as well as at law, that parol evidence is inadmissible to disannul or substantially vary a written agreement, except upon the ground of mistake or fraud. The cases of *Irnham* v. *Child*, (1 *Bro.* 92.,) and of *Hare* v. *Shearwood*, (1 *Ves.* jun. 241. 3 *Bro.* 168.,) are not unlike to this; those were cases of an attempt to support, by parol evidence, an agreement to redeem, as having accompanied the grant of an annuity; and the attempt was overruled as being in contradiction to the deed. The case of *Hutchins* v. *Lee*, (1 *Atk.* 447.,) on which some reliance seemed to be placed, is not in opposition to this doctrine; for there, as Lord *Hardwicke* observed, all the appearances of an intended trust were upon the face of the deed, and there were declarations and recitals in the deed, consistent with the trust set up, and evidence, or a *manifestation of it*, and therefore the parol evidence was consistent with the deed, and proper to avoid the fraud which was intended.

I should doubt extremely of the sufficiency of the parol proof, if it were admissible; but, without deciding upon its force, I hold it to be utterly inadmissible, as being contrary to the statute of frauds; and the bill must, consequently, be dismissed, with costs.