[No. 4687.]

# JOHN GALLAGHER v. JAMES A. MARS, CHARLES M. HITCHCOCK, ADMINISTRATOR OF THE ESTATE OF E. A. HITCHCOCK, DECEASED, JAMES ADAMS AND SAMUEL C. HARDING.

VERBAL AGREEMENT IN RELATION TO LAND.— In case of a sale of land, a verbal agreement made by the vendee when he receives the conveyance, to reconvey the land to the vendor, if he does not pay the purchase-money when demanded by the vendor, is void under the Statute of Frauds.

VENDOR'S LIEN.—A verbal agreement by the vendee to reconvey the land to the vendor if he does not pay the purchase-price, does not prevent the enforcement of a vendor's lien.

BRINGING SUIT IS DEMAND OF PAYMENT.—If the vendor sells and conveys land, with a verbal agreement that the vendee shall pay the purchase-price when demanded, the bringing of an action to enforce a vendor's lien is a sufficient demand, and the plaintiff is entitled to have his lien enforced.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

On the 1st day of November, 1869, the plaintiff sold defendant Mars a lot on Jessie street, in San Francisco, for $2200, and executed to him a conveyance, which was recorded. There was a verbal agreement that the vendee should pay the purchase-price when demanded by the vendor, and that if he did not so pay it, he should reconvey the lot to the vendor. The plaintiff retained possession of the property through his tenant and received the rents. In 1873, Mars became insolvent, and defendants Hitchcock and Harding levied attachments on the property, in suits commenced against Mars on promissory notes given by him. They recovered judgments in these actions, and advertised the property for sale. In March, 1874, Mars had not paid the purchase-price, and this suit was commenced to enforce a vendor's lien. On the trial there was slight testimony tending to show that the plaintiff demanded payment before bringing suit, but the defendant contended that it was not sufficient to establish a demand. No evidence was introduced to show that the attaching creditors

knew that the plaintiff had not been paid. The defendant Adams was the sheriff, and had advertised the property for sale on an execution issued on the Hitchcock judgment. He was made defendant in order to enjoin the sale. On the trial, after the plaintiff had rested, the defendants Hitchcock and Adams moved for a nonsuit for the following reasons:

"1st. The condition never happened upon which Gallagher was to have the right to a reconveyance; he has never expressly demanded the money, and it is not yet due; and

"2d. If he has demanded it, he has failed to show a written contract establishing an express trust."

The court granted the nonsuit. The plaintiff appealed from the judgment and from an order denying a new trial.

*Cowles & Drown,* for the Appellant.

It is a general principle that a vendor of land, though he has made an absolute conveyance by deed, and though the consideration is in the instrument expressed to be paid, has an equitable lien for the unpaid purchase-money, unless there has been an express or implied waiver of it. (*Cordova* v. *Hood,* 17 Wallace, 5; *Burford* v. *Rosenfield,* 37 Texas, 42.)

The principle upon which the lien depends is this, that a person who has obtained the estate of another ought not, in conscience, to keep it, and not pay the consideration-money in full.

Courts administer the equity by converting the purchaser into a trustee. They, in effect, say that if one conveys his land and takes no security for the purchase-money, the purchaser shall be a trustee of the land for the vendor until it is paid. (Perry on Trusts, Sec. 232; Story's Eq. Jur., Secs. 1217, 1219; 4 Kent's Com. *151.)

This lien does not spring from, and it is independent of, any agreement of the parties. (Story's Eq. Jur., Sec. 1220; *Baum* v. *Grigsby,* 21 Cal. 176; *Williams* v. *Young,* Id. 228.)

The holder of a lien acquired by judicial process, occupies no better position than a purchaser with notice. (*O'Rourke* v. *O'Connor,* 39 Cal. 446.)

An execution against a trustee will not affect the property he holds in trust.

"It is now a universal rule that all those who take under the trustee, except purchasers for a valuable consideration without notice, take subject to the trust.  *  *  *  Thus, the heir, executor, administrator, devisee, and the assignee, by deed or in bankruptcy, are bound by the trust; so are those who take dower or curtesy in the trust estate, or a creditor who levies an execution upon it." (Perry on Trusts, Sec. 346; see also Id., Sec. 15; *Fulton* v. *Hanlon,* 20 Cal. 480; *Townsend* v. *Greely,* 5 Wallace, 337; *Leslie* v. *Farmers' and Mechanics' Bank,* 33 Vt. 267, 269; *Carter* v. *Porter,* 55 Me. 343.)

An attachment reaches only the interest—just such as it may happen to be—of the judgment-debtor in the land. (Code Civ. Proc., Secs. 537, 540, 542.)

The lien of a judgment attaches only to that. (Code Civ. Proc., Sec. 671.)

*J. E. McElrath,* for the Respondents.

According to the plaintiff's own testimony, he has no right to enforce a vendor's lien.

1. Because he never demanded the purchase-price in accordance with the contract of sale.

2. Because, admitting that he did demand the price, it was not paid, and in that event, his remedy was for a reconveyance of the title.

3. But he is not entitled to a reconveyance of the title, because the deed was for a valuable consideration, and parol evidence is inadmissible to show the vendee is a trustee for vendor, and the plaintiff testifies that there was no written contract to that effect, and to enforce it would be in the teeth of the Statute of Frauds.

By the COURT:

The alleged agreement on the part of defendant to reconvey the land was void under the Statute of Frauds. The case is one, therefore, in which the plaintiff sold and conveyed the lands to defendant, the latter to pay the purchase-price

on demand; and as the bringing of this equitable action was a sufficient demand, the plaintiff is entitled to have his vendor's lien declared and enforced. (*Leman* v. *Whitley*, 4 Russell's Ch. 423.)

Judgment and order reversed, and cause remanded for a new trial.