[No. 11309.  Department One.—June 9, 1888.]

WILLIAM BARR ET AL., APPELLANTS, v. CONNELL O'DONNELL ET AL., RESPONDENTS.

EXPRESS TRUST IN LAND CANNOT BE CREATED BY PAROL—TENANTS IN COMMON—CONSTRUCTIVE TRUST.—If land be conveyed by one tenant in common to his co-tenant by an absolute deed, no express trust in favor of the grantor can be raised by proof of a parol agreement by the grantee to hold a portion of the land in trust for the grantor or reconvey it. And in the absence of any wrongful means in securing the conveyance, no constructive or implied trust is created in favor of the grantor, from the fact of such parol agreement to hold in trust, and its subsequent breach by the grantee.

ID.—ACTION TO ENFORCE TRUST—STATUTE OF FRAUDS—DEMURRER.—If it appears upon the face of the complaint, in an action to enforce an express trust in land, that the alleged trust rests in parol, the defense of the statute of frauds may be taken advantage of by demurrer.

APPEAL from a judgment of the Superior Court of Marin County.

The facts are stated in the opinion.

*C. B. Darwin*, and *Joseph Kirk*, for Appellants.

*Hepburn Wilkins*, for Respondents.

BELCHER, C. C.— This action was brought to establish a trust in relation to certain real property in the town of San Rafael. The defendant interposed a general demurrer to the complaint, which was sustained, and the plaintiff declining to amend, judgment was entered that he take nothing by his action.

The material facts stated in the complaint are as follows: In March, 1879, the plaintiff William Barr and the defendant Connell O'Donnell purchased and became equal owners as tenants in common of a described tract of land. In January, 1881, they divided this tract of land, each conveying to the other, by a deed absolute in form, a described portion thereof. The portion described in the deed to Barr contained 31,388 superficial feet, and the portion described in the deed to O'Donnell contained 57,608 superficial feet. It was not intended that this partition should be final, and at the time the deeds were made it was mutually agreed in parol by and between Barr and O'Donnell "that said O'Donnell should hold the said land in trust to transfer to said Barr, when said Barr should thereafter require him to do so, such portion thereof as would make the parts owned by each in severalty of equal value without improvements, and would thereafter effect such partition of the 'original purchase' as would be equal." In August, 1881, Barr demanded that O'Donnell should convey to him "such portion of said lot which he, O'Donnell, had the legal title to, as would make the interests of each of them of equal value," but O'Donnell declined to comply with the demand.

The prayer is, that O'Donnell be declared to hold the land conveyed to him by Barr in trust, "and that it be ascertained under the direction of the court what portion of the land deeded to O'Donnell in severalty would be sufficient when conveyed to said Barr to make the shares of O'Donnell and Barr, realized from the 'original purchase,' equal in value," and for general relief.

The demurrer was properly sustained.

It is clear that the complaint does not state facts showing an express trust in favor of the plaintiff. Such a trust can be created only by an instrument in writing, subscribed by the party creating it. (Civ. Code, sec. 852; Code Civ. Proc., sec. 1971.) If land be conveyed by an absolute deed, no express trust in favor of the grantor can be raised by proof of a parol agreement by the grantee to hold the property in trust or reconvey it. (*Burt* v. *Wilson*, 28 Cal. 632; 87 Am. Dec. 142; *Gallagher* v. *Mars*, 50 Cal. 23; *Fouty* v. *Fouty*, 34 Ind. 433; *Movan* v. *Hays*, 1 Johns. Ch. 339.)

And if it appears from the face of the complaint that the alleged trust rests in a parol agreement to reconvey, the defense of the statute of frauds may be taken advantage of on demurrer. (*Ward* v. *McNaughton*, 43 Cal. 159; *Walker* v. *Locke*, 5 Cush. 90; *Slack* v. *Black*, 109 Mass. 496.)

Does the complaint state facts showing a trust created "by operation of law"?

Section 2217 of the Civil Code declares that "an involuntary trust is one which is created by operation of law." And section 2224 provides that "one who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it."

There is no allegation in the complaint that the defendant gained any part of the land in question by any of the wrongful means above enumerated. It is not charged that, at the time of making the partition and interchanging the deeds, either party deceived, misled, or imposed upon the other, but it appears that they executed these conveyances advisedly, and at the same time made a parol agreement that O'Donnell should hold an undefined portion of the land in trust, and re-

transfer it at some future time to Barr. It is then further charged only that at a subsequent time O'Donnell violated this parol agreement, and refused to retransfer the unascertained and undefined part of the land to which Barr was entitled.

The complaint does not, in our opinion, make a case which comes within the provisions of the code above cited, or within the well-settled rules of law in regard to implied and constructive trusts.

The judgment, we think, should be affirmed.

FOOTE, C., concurred.

HAYNE, C., concurring.—I concur. It is not contended by counsel that the relation between the parties was what the law recognizes as confidential.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.