[S. F. No. 8.    Department One.—February 25, 1896.]

HENRY C. BABCOCK, ASSIGNEE, ETC., APPELLANT, *v*,
JAMES B. CHASE ET AL., RESPONDENTS.

INSOLVENCY—ACTION BY ASSIGNEE—VOLUNTARY CONVEYANCES—REQUEST
OF GRANTOR—TRUST—INSUFFICIENT CAUSE OF ACTION.—A complaint
by an assignee in insolvency to set aside deeds of real property, which
shows that, five years prior to the adjudication in insolvency, at a time
when the insolvent is not alleged to have had any creditors, he made a
voluntary conveyance of land, for a nominal consideration, to one who
subsequently deeded the land to the defendants, also for a nominal con_
sideration, and alleging that both of the deeds were without considera_
tion, and were given at the request of the first grantor, and that the
property might be held for him, without alleging any express trust,
or any actual fraud, or any constructive fraud arising from fiduciary
relations between the parties, does not state a cause of action to attack
the deeds, at suit either of the grantor or of his assignee in insolvency,
who, in such case, stands in no different position than the insolvent
debtor himself, and is entitled to no relief that the insolvent would not
be entitled to if prosecuting the action individually and for himself
alone.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order
denying a new trial.    CHARLES W. SLACK, Judge.

The facts are stated in the opinion of the court.

*Welles Whitmore*, for Appellant.

It is the duty of an assignee in insolvency to recover
the whole estate of the insolvent for the benefit of the
creditors, and of all parties in interest.    (Insolvent Act
of 1880, secs. 18, 55; *Bull* v. *Houghton*, 65 Cal. 422; *Van
Heusen* v. *Radcliff*, 17 N. Y. 580; 72 Am. Dec. 480; Bur-
rell on Assignments, 3d ed., 394.)    An assignee in
insolvency may set aside a conveyance, even where the
assignor could not do so.    (*Filley* v. *King*, 49 Conn. 211;
*Moore* v. *Williamson*, 44 N. J. Eq. 496; *Taylor* v. *Taylor*,
74 Me. 582.)

*Henry Miller*, and *Craig & Meredith*, for Respondents.

The consideration clause of the deed estops the grantor
from alleging that he executed the deed without con-

sideration, and prevents a resulting trust to the grantor. (*Coles* v. *Soulsby*, 21 Cal. 47; *Russ* v. *Mebius*, 16 Cal. 356; *Peck* v. *Vandenburg*, 30 Cal. 25, 58; *Belden* v. *Seymour*, 8 Conn. 311; 21 Am. Dec. 661; *Graves* v. *Graves*, 29 N. H. 129; *Farrington* v. *Barr*, 36 N. H. 86; *Jackson* v. *Cleveland*, 15 Mich. 102; 90 Am. Dec. 266; *Squire* v. *Harder*, 1 Paige, 494; 19 Am. Dec. 466; *Leman* v. *Whitley*, 4 Russ. 426.) Where land is conveyed by absolute deed, there can be no parol trust raised for the grantor, where there is no fraud or mistake. (*Sturtevant* v. *Sturtevant*, 20 N. Y. 39; 75 Am. Dec. 371; *Barr* v. *O'Donnell*, 76 Cal. 471; 9 Am. St. Rep. 242; *Feeney* v. *Howard*, 79 Cal. 525; *Hasshagen* v. *Hasshagen*, 80 Cal. 516; *Philbrook* v. *Delano*, 29 Me. 410.)

GAROUTTE, J.—Plaintiff, as the assignee of one William I. Wilson, an insolvent debtor, brings this action to set aside two certain deeds of real property, and to have it adjudged that said real property is the property of said insolvent. As shown by the complaint, some five years prior to the adjudication that Wilson was an insolvent debtor, and at a time when he had no creditors, as far as the pleading indicates, he made and delivered a deed absolute in form to one Priscilla Burtch of the aforesaid real estate, this deed expressing a consideration therein of five dollars. It is further alleged that subsequently thereto said Priscilla Burtch, by a deed absolute on its face, and for an expressed consideration of five dollars, deeded all of said property to the defendants Martenstein and Chase. The complaint also alleges that both of these deeds were made without consideration, and that neither Priscilla Burtch nor her vendees, Chase and Martenstein, acquired any title, either equitable or legal, to the lands included therein, but that said deeds were given at the request of said insolvent, Wilson, and that said property might be held for said Wilson. This in its substantials is the complaint upon which relief is asked. Judgment went against the plaintiff and an appeal is brought to this court.

Without considering other questions raised upon this record, we are prepared to say the case must fall, by reason of a failure to state a cause of action. The assignee of the insolvent, in a case like the present one, stands in no better or different position than the insolvent debtor himself. He can do nothing as assignee that the insolvent could not do if plaintiff, and is entitled to no relief that the insolvent would not be entitled to if prosecuting this action individually and for himself alone. (*Francisco* v. *Aguirre*, 94 Cal. 180.) Upon the allegations of this complaint these deeds cannot be successfully attacked by the grantor, Wilson, or his assignee in insolvency. No express trust is charged, and there is nothing recited in the pleading that would authorize the introduction of evidence to establish a trust in parol. It was said in *Jackson* v. *Cleveland*, 15 Mich. 102, 90 Am. Dec. 266: "A voluntary deed which purports to be for the beneficial use of the grantee, and which was made deliberately and without mistake or contrivance, does not differ from any other deed binding on the grantor, and can only be attacked by those having superior equities, which the grantor had no right to cut off, as creditors and the like."

There is no actual fraud charged. Neither is there any claim of constructive fraud arising from fiduciary relations existing between the parties. As directly in line, and fully supporting the principles of law which are absolutely fatal to plaintiff's alleged cause of action, we cite *Barr* v. *O'Donnell*, 76 Cal. 471, 9 Am. St. Rep. 242, and *Feeney* v. *Howard*, 79 Cal. 525. No express trust is declared upon by the pleading, and neither is any implied trust indicated by its allegations.

For the foregoing reasons the judgment and order are affirmed.

HARRISON, J., and VAN FLEET, J., concurred.