[Civ. No. 6077. First Appellate District, Division One.—June 28, 1928.]

E. A. MOODY, Respondent, v. JUDAH BOAS FINANCE CORPORATION (a Corporation) et al., Appellants.

A. L. Weil, Forrest A. Cobb and Harris F. Shaw for Appellants.

L. V. Starr and C. H. Patterson for Respondent.

THE COURT.—This is an action in claim and delivery, involving the possession of an automobile. Judgment was entered for plaintiff and defendants have taken separate appeals, which are presented in one record. Briefs supporting the appeal have been submitted by the defendant Finance Corporation alone, however, and therefore, for convenience, it will be hereinafter referred to as appellant. The automobile in question belonged to appellant, who consigned it to the defendant Danker, an automobile dealer in Stockton, to sell. On November 14, 1924, Danker sold and delivered the same to respondent under a conditional sales contract of which appellant subsequently became the assignee. Thereafter and on March 3, 1925, appellant took possession of said automobile, claiming that the monthly installment which fell due the preceding month had not been paid. The next day this action was com-

menced, pursuant to which the automobile was seized by the sheriff.

The first disputed question arises over the terms of the agreement under which the sale to respondent was made. With respect thereto the evidence shows that the transaction between Danker and respondent resulted in the execution of two separate documents bearing the same date, November 14, 1924, but evidently executed on different days. Each provided for an initial payment of $595 and monthly installments of $96 each; but so far as we are here concerned the essential difference between the two was that under the terms of one all payments were required to be made in cash, and in the other it was agreed that in satisfaction of the initial payment Danker would accept respondent's Ford automobile at a stipulated value of $500 and merchandise of the value of $95; that the succeeding monthly installments should be paid to Danker in merchandise; and that Danker would assume payment of the cash installments, the exact language of the provision being: "Mr. Moody (the respondent) agrees to furnish Mdse. at distributors price, 50% dsct. to cover the amt. of monthly payment. Payment of contract assumed by L. A. Danker."

The foregoing documents, when considered in the light of the circumstances under which they were executed, establish beyond question that as between respondent and Danker the so-called merchandise agreement was controlling; but appellant alleged in its counterclaim, and contended at the trial, as on this appeal, that it was not bound by such agreement and that its rights must be measured by the terms of the cash contract, which alone it claims to have accepted. The trial court determined otherwise, however, and after a review of the entire evidence we are of the opinion that it is legally sufficient to sustain the trial court's decision. The evidence supporting this conclusion is in part as follows: Respondent was a dealer in automobile polish and he informed Danker in the beginning that he could purchase the car only by being allowed to make the payments in merchandise. This proposition was acceptable to Danker, but he told respondent that appellant was the owner of the car and that in order to complete the sale it would be necessary to obtain from

respondent a regular form of cash contract because without it he would be unable to discount the merchandise contract with appellant; whereupon the two documents were signed, and in accordance with the terms of the merchandise agreement respondent delivered to Danker his automobile, and polish of the value of $95, in liquidation of the initial payment, and took possession of appellant's car. Immediately upon doing so, however, and on November 17, 1924, respondent, accompanied by a business associate named Mrs. Cummings, called on Mr. Boas, president of the appellant corporation, at his office in San Francisco, and in the presence of a Mr. Theobold, who represented the agency handling this particular make of automobile, fully informed Boas of the nature of the trade he had made with Danker and of the execution of the two contracts. Boas at first declined to consider acceptance of the merchandise contract and informed respondent that unless he was willing to stand on the cash contract alone he would be required to return the automobile. But later another conference was held between the same parties, the purport of which is in dispute. Boas and Theobold claim that respondent agreed that as between himself and appellant he would abide by the cash contract provided Boas induced Danker to apply as part payment on the cash contract the proceeds received by Danker from the sale of respondent's automobile. Respondent and Mrs. Cummings testified to the contrary, however, claiming that the proposition mentioned was not made by respondent, but was advanced by Boas and that respondent expressly refused to accede to it or to anything else other than as required by the merchandise contract. Under the established rule we must, of course, resolve the conflict in favor of the trial court's decision. However, as a result of this conference Theobold went to Stockton, accompanied by respondent and Mrs. Cummings, and induced Danker to turn over to appellant the sum of $350 representing the sale price of respondent's automobile. Thereafter and on November 24, 1924, appellant accepted the assignment of the cash contract and immediately credited Danker's account with $1,300; and after applying $21 of the $350 to the payment of a back interest account due from Danker, appellant opened a special account with Danker and re-

spondent and credited the same with the remaining $329. Subsequently and on November 28, 1924, respondent mailed a copy of the merchandise contract to appellant accompanied by a letter stating in part: ''My contract with Mr. Danker, as you know, specifies that he is to assume all payments on said Moon Sedan and therefore you will have to look to Mr. L. A. Danker for any and all payments that are or may become due.'' Appellant replied in substance that it would refuse to recognize any equities between respondent and Danker and would insist on compliance with the terms of the cash contract. Two subsequent monthly payments were made to appellant, one in December, 1924, and the other in January, 1925, each payment being made by check drawn by Danker in favor of respondent and by the latter indorsed and sent to appellant.

As indicated, the foregoing evidence is legally sufficient in our opinion to sustain the conclusion that after having full knowledge of the terms and conditions of the merchandise contract appellant ratified and accepted the same, and that thereafter it received payments thereunder and applied the same on its books in a manner indicative of and entirely consistent with such ratification. Consequently, as the trial court held, appellant was bound thereby.

Appellant makes the further contention that in any event Danker had no authority to sell said automobile except for cash payments, and that the attempted sale thereof under the merchandise contract was therefore in excess of his authority and consequently not binding on appellant. It is well settled, however, that whenever an agent acting under a specific authorization has exceeded his authority in the performance of a lawful act, which the principal could have authorized, the principal may thereafter ratify such unauthorized act, and when so ratified it acts retrospectively and the principal is equally bound as he would have been had the original authority been ample, or had he originally performed the act in person (*Market Street Ry. Co.* v. *Hellman*, 109 Cal. 571 [42 Pac. 225]); and furthermore, as declared by section 1589 of the Civil Code, a voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known or

ought to have been known, to the person accepting. As already shown, the evidence in the present case is legally sufficient to support the inference that appellant ratified the merchandise contract and accepted benefits thereunder. Therefore the legal rule contended for by appellant is inapplicable.

A specific finding upon the question of ratification was not essential to the validity of the judgment, as appellant claims, because the matter of Danker's authority as agent was not made an issue by the pleadings, appellant having chosen to stand or fall on the question of the existence of the cash contract and a negative finding was made thereon.

Appellant further contends that it was necessary for the trial court to make a finding upon the question of the asserted oral agreement which Boas and Theobold claim respondent made to abide by the terms of the cash agreement in the event that Danker was induced to apply as payment thereon the proceeds derived by him from the sale of respondent's automobile. We think such finding was not necessary for the reason that appellant pleaded only the cash contract, the allegations of paragraph II of the counterclaim being that respondent agreed to purchase said automobile pursuant to the terms of a written contract, a copy of which was annexed to the counterclaim and designated exhibit "A," which was the cash contract. The ultimate fact to be determined, therefore, was whether or not that contract was controlling, and the trial court found thereon "that the allegations of paragraph two thereof are not and each of them is not true, and that the said automobile was delivered to plaintiff under a written modification of said defendant's exhibit "A," etc. If, therefore, appellant relied on any other contract with reference to which a finding was desired, it should have pleaded the same in the beginning or by amendment.

Finding no error in the record, the judgment is affirmed.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 27, 1928.

All the Justices present concurred.