[S. F. No. 18262. In Bank. Mar. 27, 1952.]

M. J. ORELLA, Appellant, v. MAY JOHNSON et al., Respondents.

694

Alfred J. Harwood for Appellant.

J. Frank Murphy and Eugene J. Adams for Respondents.

TRAYNOR, J.—Plaintiff has appealed from a judgment for defendants entered after the granting of a motion for nonsuit. Viewing the record in the light most favorable to plaintiff and disregarding conflicts, the evidence may be summarized as follows:

In 1933 plaintiff received from his parents as his separate property a home known as the Harder Road place in Alameda County. At that time he borrowed $1,000 from defendant May Johnson, his stepdaughter, to pay off a mortgage on the property. Plaintiff and his wife lived on the property, and in 1938 he and his wife executed a grant deed conveying it to May. In 1941 the property was sold for $3,900, which was paid to May, and the deed was executed by her. She retained the $1,000 plaintiff owed her and the $400 interest due thereon. One thousand eight hundred dollars of the $3,900 was used to purchase a new home for plaintiff and his wife, known as the Winton Road place. Title was taken in May's name. In 1943 the Winton Road property was sold for $4,500, and $2,300 of this amount was used to purchase property in Santa Cruz. In December, 1947, plaintiff learned for the first time that title to the Santa Cruz property was in May's name. Shortly thereafter his wife died, and he asked May to convey the property to him. She refused and thereafter conveyed the property to herself and her daughter as joint tenants. Plaintiff brought this action to impress a trust on the property and to obtain an accounting of the amounts May had realized through the sales of the Harder Road and Winton Road properties. Plaintiff sought to prove that the 1938 conveyance to defendant was intended as a deed of trust to secure his indebtedness to her and that she accepted the deed on

the understanding that she would reconvey the property to him on his request.

To prove the alleged oral trust plaintiff sought to introduce evidence of a conversation he had with his wife that resulted in his executing the deed to May. The trial court excluded this evidence on the ground that any statements made by plaintiff's wife would not be binding on May in the absence of proof that plaintiff's wife was acting as May's agent in the transaction. Plaintiff then offered to prove that his wife stated to him: "Honey, I have got a proposition May wants me to put to you; she wants you to make a deed of trust of the property because she is afraid you will be involved in an automobile accident and the people who are injured might come on the property. . . ." In response plaintiff said, "yes, with the understanding that any time he wanted the property back in his name May Johnson would deed it back to him." His wife then said, "Yes, that is okay."

■ In the absence of proof that plaintiff's wife was May's agent, the evidence of this conversation was inadmissible to establish that defendant agreed to hold the property in trust for plaintiff. (Code Civ. Proc., § 1870(5).) ■ Unless, however, the statute of frauds is a bar to the establishment of a constructive trust in this case, this evidence was admissible as part of the transaction in which plaintiff conveyed his property, and was relevant to prove both the reason for the conveyance and what plaintiff intended to accomplish by it. (Code Civ. Proc., § 1850; *Sethman* v. *Bulkey,* 9 Cal.2d 21, 24 [68 P.2d 961]; *Simons* v. *Bedell,* 122 Cal. 341, 349-350 [55 P. 3, 68 Am.St.Rep. 35]; *Airola* v. *Gorham,* 56 Cal.App.2d 42, 50-52 [133 P.2d 78]; *Williamson* v. *Kinney,* 52 Cal.App.2d 98, 103-104 [125 P.2d 920].) It is therefore necessary to consider the possible theories under which plaintiff might enforce a constructive trust against defendants in the light of the evidence presented.

■ If a grantor conveys property to another in reliance on the oral promise of the latter to hold the property in trust for the grantor or a third person and the grantee subsequently repudiates the trust, it is settled that a constructive trust may be enforced against the grantee if the conveyance was induced by fraud or if there was a confidential relationship between the parties. (*Brison* v. *Brison,* 75 Cal. 525, 527-529 [17 P. 689, 7 Am.St.Rep. 189]; *Odell* v. *Moss,* 130 Cal. 352, 358 [62 P. 555]; *Jones* v. *Jones,* 140 Cal. 587, 590

[74 P. 143] ; *Lauricella* v. *Lauricella,* 161 Cal. 61, 65-67 [118 P. 430] ; *Huber* v. *Huber,* 27 Cal.2d 784, 790 [167 P.2d 708] ; see Rest., Trusts, § 44.) Such trusts are enforced under the provisions of section 2224 of the Civil Code that "One who gains a thing by fraud . . . is . . . an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." ▊ It is either the actual fraud that induced the conveyance, or the constructive fraud arising from the confidential relationship coupled with the breach of the oral promise, that brings the provisions of the section into play. (*Brison* v. *Brison, supra; Lauricella* v. *Lauricella, supra; Robertson* v. *Summeril,* 39 Cal.App.2d 62, 65-66 [102 P.2d 347].) ▊ Since under this section the trust is in favor of the person who, but for the fraud, "would otherwise have had" the property, the effect of its application when the grantee refuses to perform his oral promise, is to enforce the trust in favor of the intended beneficiary. (*Lauricella* v. *Lauricella, supra; Cooney* v. *Glynn,* 157 Cal. 583, 587 [108 P. 506] ; see *Sears* v. *Rule,* 27 Cal.2d 131, 139 [163 P.2d 443] ; Rest., Trusts. § 45.)

▊ Whether or not there is a confidential relationship or whether or not the original transfer was induced by fraud, the fact remains that the grantee will be unjustly enriched, if he is allowed to repudiate his promise and retain the property. Accordingly, the view has been forcefully advocated that although the grantee cannot be compelled to perform his promise in view of the statute of frauds, unjust enrichment should be prevented by compelling him to make specific restitution to the grantor. (See 1 Scott on Trusts, § 44, p. 248, and authorities cited.) This view is supported by the rule that a purchaser under an invalid oral contract to buy land may recover the amount he has paid if the seller refuses to perform the contract (see *Moresco* v. *Foppiano,* 7 Cal.2d 242, 247 [60 P.2d 430] ; Rest., Restitution, § 108(d) ), and the rule that a person who renders services under an invalid oral contract to devise property may secure *quantum meruit* for the value of those services. (*Zellner* v. *Wassman,* 184 Cal. 80, 88 [193 P. 84].) Although there are cases where recovery has been denied despite an apparent unjust enrichment (*Barr* v. *O'Donnell,* 76 Cal. 469 [18 P. 429, 9 Am.St.Rep. 242] ; *Feency* v. *Howard.* 79 Cal. 525 [21 P. 984, 12 Am.St.Rep. 162, 4 L.R.A. 826] ; see, also, *Babcock* v. *Chase,* 111 Cal. 351 [43 P. 1105] ; *Russ* v. *Mebius,* 16 Cal. 350 ; *Gray* v. *Walker,* 157 Cal.

381 [108 P. 278]), in none of them was the question raised or considered of the availability of the remedy of specific restitution as distinct from the remedy of a constructive trust based on the abuse of a confidential relationship.   In cases where the question has been considered, however, the right to relief has been recognized.   (*Steinberger* v. *Steinberger,* 60 Cal.App.2d 116, 120 [140 P.2d 31] ; *Edwards* v. *Edwards,* 90 Cal.App.2d 33, 39 [202 P.2d 589] ; *Adams* v. *Talbott,* 61 Cal.App.2d 315, 319 [142 P.2d 775] ; see, also, *Sears* v. *Rule,* 27 Cal.2d 131, 140 [163 P.2d 443] ; *Taylor* v. *Morris,* 163 Cal. 717, 722 [127 P. 66] ; *Sandfoss* v. *Jones,* 35 Cal. 481, 485-487.) Accordingly, it is unnecessary to decide whether there was a confidential relationship in this case.   The nonsuit must be reversed if there is evidence, either that plaintiff conveyed his property in reliance on an oral promise to reconvey it to him, or that the conveyance was induced by fraud.

▮ Although there is no evidence that May authorized her mother to solicit the conveyance, plaintiffs contends that there is sufficient evidence to sustain a finding that she ratified the transaction undertaken in her behalf.   In this respect the record shows that May accepted and recorded the deed. She allowed plaintiff and his wife to live on the Harder Road property after the deed to her was executed.   She also allowed them to live on the Winton Road property and the Santa Cruz property.   She stated to her parents that she thought they were making a mistake in buying the Santa Cruz property, but nevertheless she provided the funds for its purchase from the proceeds of the sale of the Winton Road property.   She stated to plaintiff that she did not see why he wanted to spend money in repairs of the Santa Cruz property, ''but it is your money, you can do so,'' and she supplied the funds for the repairs.

This course of conduct is consistent with a recognition on May's part that she was acting as trustee for plaintiff with respect to his real estate transactions and the profits realized therefrom.   From her cooperation in selling the Winton Road property and buying the Santa Cruz property, despite her own disapproval, the trier of facts could reasonably infer an admission that the property was plaintiff's and not hers. Similarly her providing the money that she described as ''your money,'' suggests that she acknowledged that she held the profits from the sale of the Winton Road property in trust for plaintiff.

Plaintiff also introduced evidence of a conversation between himself and May's daughter at which May was present. This conversation took place after plaintiff's wife's death. Plaintiff asked the daughter what her mother intended to do with the property, and the daughter replied, "You know Ma is holding that property for you; that property is yours."

The most compelling evidence in plaintiff's favor, however, either on the theory that May ratified her mother's arrangement with plaintiff or on the theory that the conveyance was procured by the mother's fraud, is the fact that May accepted and recorded the deed. When plaintiff's wife delivered plaintiff's deed to defendant, the latter was put on inquiry as to the purpose of the conveyance. (*Phillips* v. *Phillips*, 163 Cal. 530, 534-535 [127 P. 346]; *Ballard* v. *Nye*, 138 Cal. 588, 599 [72 P. 156].) It may reasonably be inferred that her mother either informed her of the arrangement by which she secured the deed or fabricated a story with respect thereto. In the former case, May's acceptance of the deed with knowledge of the facts would constitute a ratification of the agency and make her mother's negotiations in her behalf binding upon her. (Civ. Code, § 1589; *Airola* v. *Gorham*, 56 Cal.App.2d 42, 49 [133 P.2d 78]; *Moody* v. *Judah Boas Finance Corp.*, 93 Cal.App. 21, 25-26 [268 P. 974].) If, on the other hand, May neither authorized her mother to act in her behalf nor was informed by her mother of the arrangements that were made with plaintiff, it is clear from plaintiff's offer of proof that he was induced to part with his property because of fraudulent representations made to him by his wife.

The judgment is reversed.

Gibson, C. J., Shenk, J., Carter, J., Schauer, J., and Spence, J., concurred.

Edmonds, J., concurred in the judgment.