[Civ. No. 15945.   First Dist., Div. Two.   Sept. 1, 1954.]

ABE McMILLEN et al., Respondents, v. GRACE E. McDONALD et al., Appellants.

Broaddus & Golden for Appellants.

Francis P. Healey for Respondents.

DOOLING, J.—Defendants appeal from a judgment imposing a trust in favor of plaintiffs on an undivided one-half interest in certain real property in Contra Costa County. Plaintiffs are the devisees of Everett LeRoy McMillen, deceased, and his executor.

Decedent and defendant, Grace E. McMillen, were married in 1940 and remained husband and wife until decedent's death in 1951. In 1945 they acquired the property here in litigation. This property was conveyed by the McMillens, admittedly without consideration, in 1947 to the other appellants, Victor Hans Kolding and Leah Kolding, his wife. Victor is the son of appellant Grace McMillen by a previous marriage.

The court found that the property was community property of the McMillens, that it was conveyed by them to the Koldings without consideration for the sole purpose of convenience and to obtain a veteran's tax exemption to which Victor Kolding was entitled; that after this conveyance Grace McMillen continued to manage and handle the property as if it belonged to herself and her husband all in a manner inconsistent with ownership in the Koldings; and "that said

defendants Victor Hans Kolding and Leah Kolding well knew and fully understood and recognized that said conveyance was for the convenience of the decedent and defendant Grace E. McMillen and that they were required and obligated to reconvey said real property to decedent and defendant Grace E. McMillen upon request of said parties.''

Under the rule of *Orella* v. *Johnson,* 38 Cal.2d 693, 697 [242 P.2d 91], where property is conveyed without consideration to one who orally promises to reconvey it to his grantor, and the grantee will be unjustly enriched by retaining the property, he may be compelled to make specific restitution to his grantor '' (w)hether or not there is a confidential relationship or whether or not the original transfer was induced by fraud.'' The findings above summarized are sufficient to satisfy this rule and to support the judgment.

Appellants argue that the finding above quoted finds no express promise to reconvey. The acceptance of the property by the Koldings when they ''well knew and fully understood and recognized . . . that they were required and obligated to reconvey said real property'' carries with it at least an implied promise. The conduct of the parties as found is inconsistent with any other conclusion. The argument that the time when the Koldings ''well knew and fully understood'' this obligation is not fixed by the finding does not impress us. The tenor of the finding is that they well knew and fully understood this at all times. As aptly said in *Orella* v. *Johnson, supra,* 38 Cal.2d 693, 699: ''When plaintiff's wife delivered plaintiff's deed to defendant, the latter was put on inquiry as to the purpose of the conveyance.''

It is a well settled rule for the guidance of appellate courts that '' (a)ny uncertainty in the findings will be construed so as to support the judgment rather than to defeat it.'' (*Richter* v. *Walker,* 36 Cal.2d 634, 639 [226 P.2d 593]; *Johndrow* v. *Thomas,* 31 Cal.2d 202, 207 [187 P.2d 681]; *Crummer* v. *Besser Mfg. Co.,* 100 Cal.App.2d 189, 191 [223 P.2d 100].) The argument that the duty as found was to reconvey ''upon request of said parties'' and this requires the request of *both* parties is hypertechnical. The plaintiffs as decedent's devisees are entitled to one-half of the community property. The attempt of the surviving wife to deprive them of this property should not be allowed to succeed.

Contrary to appellants' contention the evidence is ample to support the summarized findings. It was expressly testified by appellant Grace McMillen that the conveyance to

the Koldings was without consideration; it was uncontradicted that after this conveyance, as before, Mrs. McMillen managed the property, received all of the income therefrom, appeared before the OPA as landlord in fixing rents, referred to it as the property of her husband and herself and in every way conducted herself as if no conveyance had been made. Most significant is the testimony of one Hunt that in the presence of the decedent Mrs. McMillen told Hunt that their property was judgment proof in case of an automobile accident because they had deeded their property to her son and daughter-in-law, that the son got a veteran's tax exemption, and that they had given her a deed reconveying the property which she kept in her possession. Evidence of a similar character was held sufficient to support a finding of an oral promise to reconvey in *Hansen* v. *Bear Film Co., Inc.*, 28 Cal.2d 154, the court saying at pp. 172-173 [168 P.2d 946]: "It is thus apparent that the evidence gives rise to the inference that the transfers . . . were transfers of legal title only, and that Oscar (the grantor) at all times intended to and did retain the full beneficial ownership. . . . The evidence is susceptible of the inference that the terms of the express trust were precisely as found by the trial court, to wit: That Josephine was to hold the bare legal title in trust for Oscar, to be delivered and transferred back to Oscar at his request." In that case, as here, that inference was drawn from the evidence of the conduct of the parties, the fact that the transfer was without consideration and that the transferor treated the property in all respects as his own after its transfer as before.

Whether there was any fraud in the acquisition of the property or any confidential relation between decedent and the Koldings is immaterial, the findings herein discussed being sufficient to support the judgment.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.