[Civ. No. 2374. First Appellate District.—May 16, 1918.]

BRADLEY COMPANY (a Corporation), Respondent, v. EMMA R. BRADLEY, Appellant.

TRUST — DEED ABSOLUTE ON FACE — PAROL EVIDENCE — STATUTE OF FRAUDS.—Under the statute of frauds it is the general rule that parol evidence cannot be received to prove that a deed absolute on its face was given in trust for the benefit of the grantor.

ID.—FRAUD—EXCEPTION TO RULE.—Where, however, by means of an oral promise made without any intention of performing it, one obtains an absolute deed without giving any consideration therefor, it is a case of actual fraud, and the statute of frauds is not a bar to relief.

ID.—CONSTRUCTIVE FRAUD—VIOLATION OF PROMISE TO RECONVEY.—If a grantee by means of a parol promise to reconvey obtains an absolute deed without consideration from one to whom he stands in a confidential relation, the breach of the promise is constructive fraud,

although at the time it was made there was no intention not to perform.

ID.—ACTION TO DECLARE TRUST—SUFFICIENCY OF EVIDENCE.—In this action to declare defendant an involuntary trustee of certain real property, it is held that the evidence sustains the finding that the conveyance was made upon the understanding that the property was to be held in trust and to be reconveyed upon demand.

ID.—EXISTENCE OF CONFIDENTIAL RELATIONSHIP—SUFFICIENCY OF EVIDENCE.—In this action, it is also held that the evidence supports the finding that a confidential relationship existed between the parties at the time of the delivery of the deed.

ID.—CONFIDENTIAL RELATIONSHIPS—INFERENCE FROM PROVEN FACTS.— There are certain relationships from the existence of which the law infers special confidence, such as those of husband and wife, parent and child, guardian and ward, counsel and client, etc., but it also exists in numerous cases where the facts proven will warrant the inference.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Charles Baer, for Appellant.

Stoney, Rouleau & Stoney, and Orville C. Pratt, Jr., for Respondent.

KERRIGAN, J.—This is an appeal by the defendant from a judgment in favor of plaintiff declaring defendant an involuntary trustee of certain real property and ordering an accounting.

The facts pertinent to this appeal, outside of those stated in the course of this opinion, are fully set out in *Bradley Company* v. *Bradley, post,* p. 270, [173 Pac. 1009].

The complaint alleges and the court found that one Richard Bradley, respondent's predecessor in interest, owned a lot on Gough Street, in San Francisco, on November 10, 1906; that he desired to borrow money on said property, and, in order to do so without appearing himself as the borrower, he made a conveyance thereof to the defendant in order that she might borrow money upon it for him; that on said date, without receiving any consideration therefor, he conveyed the same to her by a grant, bargain, and sale deed, and that she orally

promised and agreed to take and hold said property in trust for him, and to borrow money by mortgage upon it, and on demand to reconvey it to him; that at said time and for a period prior thereto defendant was and had been the confidential agent of Bradley, and that said conveyance was made in implicit reliance upon the confidential relations existing between Bradley and the defendant. The complaint also averred that defendant refused to reconvey, and had repudiated said trust, and prayed that defendant be declared an involuntary trustee, and that she be compelled to account for the rents and profits of said real property. Other details are set forth in the complaint, but the foregoing is sufficient for a consideration of the case.

The facts alleged are specifically denied by the answer, which avers that the conveyance was made for the purpose of transferring to the defendant the title to said property in fee simple absolute without any conditions, qualifications, or limitations, and not for the purposes alleged in plaintiff's amended complaint.

As just shown, the theory of plaintiff's case was based upon the existence of a confidential relationship between Bradley and the defendant. As to this it is to be noted that at the time of the conveyance they were not husband and wife, but were married about three years later.

Under the statute of frauds it is the general rule that parol evidence cannot be received to prove that a deed absolute on its face was given in trust for the benefit of the grantor. Where, however, by means of an oral promise made without any intention of performing it, one obtains an absolute deed without giving any consideration therefor, it is a case of actual fraud, and the statute of frauds is not a bar to relief. (*Feeney* v. *Howard*, 79 Cal. 525–527, [12 Am. St. Rep. 162, 4 L. R. A. 826, 21 Pac. 984].) But this case does not fall within that exception to the general rule. It is claimed, however, that it falls within the exception to the rule declared in *Brison* v. *Brison*, 75 Cal. 525, [7 Am. St. Rep. 189, 17 Pac. 689], to the effect that if a grantee by means of a parol promise to reconvey obtains an absolute deed without consideration from one to whom he stands in a confidential relation, the breach of the promise is constructive fraud, although at the time it was made there was no intention not to perform. (*Dimond* v. *Sanderson*, 103 Cal. 97–102, [37 Pac. 189]. See,

also, *Feeney* v. *Howard, supra; Adams* v. *Lambard,* 80 Cal. 426, [22 Pac. 180].) The law, from considerations of public policy, presumes such transactions to have been induced by undue influence.

With the law as thus stated, the parties to this appeal are in accord, the only serious dispute between them being as to whether or not the evidence in this case sustains the finding of the trial court, to the effect that at the time of the conveyance in question there existed a confidential relationship between Bradley and the defendant.

Before considering that point it may be well to say that the evidence in the record abundantly supports the finding of the trial court that the conveyance was made by Bradley to the defendant upon the understanding that the property was to be held in trust and to be reconveyed to the grantor upon demand. Bradley lived in Porterville; the defendant in San Francisco, where the property was situated. According to the former's testimony, after the conflagration in San Francisco in the year 1906, he felt disposed to do what he could to aid in the rehabilitation of the city, and accordingly decided to build upon the lot in question, but did not have the ready money with which to do so. Being connected with a bank in Porterville, he deemed it ill-advised to appear in the capacity of a borrower, so he made a grant, bargain, and sale deed of the lot to the defendant, upon the understanding that she would borrow a certain sum of money from the Hibernia Bank on her note, giving as security therefor a mortgage on the property, and at any time thereafter, upon demand, would reconvey it to him. According to the remainder of the evidence, including numerous letters from defendant to Bradley, addressed to him at Porterville, it appears that she succeeded in obtaining the suggested loan, and then proceeded, according to an evident arrangement between them, to superintend the construction of the proposed building according to plans and specifications submitted to and adopted by Bradley. All the contracts for the erection of the building were submitted to him by defendant for his approval. Many of the payments on account of the work were made by his personal checks. Other payments were made by her out of the borrowed money, and none were made without his knowledge and consent. After the building was finished the rents to be charged for the various stores and flats into which it was divided, and the

selection of an agent to care for the property, were decided by him. Contemplated reductions in rent were submitted by defendant to him. In this connection she said in one of her letters: "Let me know your prices." In another she said: "After attending to a little business of my own I went to the Hibernia Bank to look after your business," referring to the Gough Street building. In a third letter, speaking of certain alterations in the structure, she wrote: "He asked my opinion but I could not commit myself, but told him he should have to notify you . . . It is hard for me to do or say anything when you are the one to be suited."

These are but instances of many similar expressions by the defendant in her letters to Bradley covering a period of about two years. During that time all her acts and conduct with reference to the property were consistent with the claim of Bradley, and inconsistent with her present claim of ownership.

Coming now to the assertion of defendant that the evidence does not sustain the finding of the court that at the date of the conveyance defendant was Bradley's confidential agent, and that he was induced to make the deed by the confidence which he reposed in her, and the belief thereby engendered that she would perform her promise to reconvey to him upon demand, a letter written by her to Bradley prior to the conveyance shows that at that time Bradley must have reposed great confidence in the defendant and that they entertained for each other a strong affection. That this condition existed at the time of the conveyance in November, 1906, is shown in nearly all of her many letters written while the building on Gough Street was in course of construction and thereafter. While those letters were, in part, of a business nature and businesslike, they still indicate that the relations between the parties were close, intimate, and confidential. According to her own testimony, for several years prior to the conveyance she and Bradley were engaged to be married, and they in fact were married in March, 1909. From the facts narrated it certainly cannot be held that their relations were not confidential, nor that defendant was not the confidential agent of Bradley at the very time of the conveyance of the property. There are certain relationships from the existence of which the law infers special confidence, such as those of husband and wife, parent and child, guardian and ward, counsel and client, etc., but it also exists in numerous cases where the facts proven

will warrant the inference. (*Brown* v. *Mercantile T. & D. Co.,* 87 Md. 377, [40 Atl. 256]; *Thomas* v. *Whitney,* 186 Ill. 225, [57 N. E. 808, 810]; *Stepp* v. *Frampton,* 179 Pa. St. 284, [36 Atl. 177, 179].) If these parties had been married at the time of the creation of the trust, the law would have presumed the relationship to be confidential, and the oral trust, therefore, enforceable; yet here the evidence shows that the confidence reposed was greater before than after marriage. We think that the trial court's conclusion that there existed at the time of the conveyance a confidential relationship between the parties is abundantly supported by the evidence. The judgment is affirmed.

Beasly, J., *pro tem.,* and Zook, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 15, 1918.