*Decision will be entered under Rule 50.*

___

ESTATE OF SELINA J. GRAY, DECEASED, WILLIAM J. GRAY AND CARLTON R. GRAY, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF SELINA J. GRAY, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16326.   Promulgated March 10, 1950.

*Henry D. Costigan, Esq.*, and *Charles G. Heimerdinger, Esq.*, for the petitioners.

*Gerald W. Brooks, Esq.*, for the respondent.

*Charles L. Barnard, Esq.*, filed brief as *amicus curiae.*

392

396

Van Fossan, *Judge*: The basic issue in this case is whether or not
Selina J. Gray made a transfer of an interest in her deceased husband's

estate within the meaning of section 811 (c) of the Internal Revenue Code.[1]

Gray and his wife, Selina J. Gray, had resided and had been domiciled in California since their marriage. Gray died testate in 1933. His will made specific bequests to his niece and his two sons. The residuary estate was left in trust. The wife, Selina J. Gray, was the beneficiary for life of the income of this trust, remainder to the testator's two sons.

Under California law, on the death of the husband and in the absence of a previously binding election, the wife could elect to take under the provisions of the will or to take her share of one-half of the community property. Selina J. Gray elected to take under the provisions of the will and trust.

The respondent contends that Selina J. Gray had a vested interest in her share of the community property, that hence by electing to take under the trust she transferred that vested interest in the community property back into the trust estate, from which she would receive the income for life, and that this was a transfer of an interest within the meaning of section 811 (c).

The correctness of the respondent's contention depends on the nature of Selina J. Gray's interest under California law in the community property.

Since its original enactment in 1872 the California Civil Code has expressly defined the separate property and community property of a husband and wife in California. Civil Code, section 163, provided in 1872, and still provides, as follows:

§ 163. All property owned by the husband before marriage, and that acquired afterwards by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, is his separate property.

Civil Code, section 162, similarly defines the wife's separate property. Also, since 1872 section 164 of the Civil Code has provided as follows:

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \* \*

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT, DEATH.—

(1) GENERAL RULE.—To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth) by trust or otherwise—

\* \* \* \* \* \* \*

(B) under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (i) the possession or enjoyment of, or the right to the income from, the property, or (ii) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom ; or

(C) intended to take effect in possession or enjoyment at or after his death.

[NOTE: Section 7 (b), P. L. 378, 81st Cong. (1949), makes the amended section 811 (c) applicable with respect to estates of decedents dying after February 10, 1939.]

"§ 164. All other property acquired after marriage by either husband or wife, or both  *  *  *  is community property  *.  *  *."

In 1923 by amendment to the California code, the wife was first given the power of testamentary disposition over half the community property if she predeceased her husband.[2] This change did not apply to property acquired before the effective date of the amendment or to income therefrom or investments thereof. As to all such property the wife had no power of testamentary disposition because the husband had a right under the prior law to have her not dispose of any such property by her will if she predeceased him. *Boyd* v. *Oser* (1944), 23 Cal. (2d) 613; 145 Pac. (2d) 312; *McKay* v. *Louriston* (1928), 204 Cal. 557; 269 Pac. 519; *In re Bruggemeyer's Estate*, 115 Cal. App. 525; 2 Pac. (2d) 534.

In 1927, by amendment to the California Civil Code, section 161a, the "respective interests of the husband and wife in community property during continuance of the marriage relation" were made "present, existing and equal interests under the management and control of the husband  *  *  *." The California cases arising after the effective date of this amendment hold that it applies only to community property acquired after July 29, 1927. These cases are to the effect that the wife has no vested interest in the community property of the pre-1927 type, but only an expectancy. *Stewart* v. *Stewart* (1928), 204 Cal. 546; 269 Pac. 439; *Henry* v. *Hibernia Savings & Loan Society* (1935), 5 Cal. App. (2d) 141; 42 Pac. (2d) 395; *Rogan* v. *Delaney*, 110 Fed. (2d) 336; certiorari denied, 311 U. S. 660.

The nature of the interest for Federal tax purposes of a surviving wife in this type of California community property is not a new problem. In *Estate of Alfred S. Gump*, 42 B. T. A. 197; affd. (CCA–9), 124 Fed. (2d) 540; certiorari denied, 316 U. S. 697, we said:

This question has been considered many times by the Board and courts. It has been repeatedly held that the interest of a surviving wife in community property acquired prior to July 29, 1927, is under the laws of California no more than a mere expectancy, although her interest may be more definite than that of an ordinary heir, and that her share in the community property passes to her by succession and, therefore, is includable in the gross estate of the deceased husband and subject to the Federal estate tax. [Citations omitted.]

Among many other citations, the *Gump* case relied on the definitive authority of *United States* v. *Robbins* (1926), 269 U. S. 315:

*  *  *  the settled opinion of the Supreme Court of California, at least with reference to the time before the later statutes, is that the wife had a mere expectancy while living with her husband. *  *  *

It appears, therefore, that since all of Gray's estate was acquired either directly by his earnings and efforts before his retirement in

---

[2] California Civil Code, sec. 1401 (amended by Stats. 1923, p. 30, effective Aug. 16, 1923, and reenacted as Probate Code sec. 201 in 1931).

1922, or as income therefrom or proceeds of reinvestment thereof, it all constituted pre-1927 community property and also pre-1923 community property under the California authorities.

This theory of a mere expectancy in the wife has generally been applied so as to tax the entire income of pre-1927 community property to the husband or the entire estate at his death. Cf. 1 Paul, "Federal Estate and Gift Taxation," 58, 59, 206, *et seq.* Accordingly, on the death of the husband, Gray, estate taxes were paid on 100 per cent of the community property.[3] The respondent now seeks to tax 50 per cent of the same transfer and same estate on the theory that the wife had a vested interest in one-half of the community property which she "transferred" to the trustees when she took under the will.

The respondent anticipated an objection to the tax on 150 per cent of the same estate, but states in his brief that "such objection is quickly disposed of. Following *United States* v. *Robbins, supra,* and Treasury Decision 3891, C. B. V–2 (1926), p. 232, the Bureau in taxing California estates has included in the gross estate of the husband the surviving widow's one-half of the community property acquired prior to July 29, 1927." This is what respondent did in taxing 100 per cent of the community property on the death of the husband in this case, but respondent justifies his present additional tax on 50 per cent of the same estate on the ground that because "taxation of the entire community in the previous estate of the husband was more than five years prior to the death of this decedent, no deduction is allowable under section 812 (c) of the Internal Revenue Code. Consequently, there is no valid ground of complaint, since the estate of the surviving spouse here is in no different status than any similar estate adversely affected by the lapse of more than five years from the taxation of the estate of the husband. Cf. *Fernandez* v. *Wiener,* (1945) 326 U. S. 340, 364."

Regardless of the inability of the wife to claim a deduction under section 812 for the value of a transfer previously taxed, due to the five-year rule, we can not agree with the respondent in his statement that there is no valid ground of complaint.

The respondent refuses to give weight to the recognized differences in California community property acquired before 1927 and that acquired after 1927. The respondent relies on the theory of cases involving cross trusts between husband and wife to show that the wife here furnished consideration for her renunciation of the right to succession to one-half of the community property. This is intended to show that this alleged consideration was the taxable interest trans-

---

[3] If the community property in this case had been acquired after 1927, the estate of the spouse who dies first would apparently be subject to estate tax on only half of the community property, *United States* v. *Goodyear,* 99 Fed. (2d) 523, on the theory that as to such property the law of California is that it belongs equally to husband and wife. Cf. *Alice A. Bigelow, Executrix (Estate of Herbert M. Bigelow),* 39 B. T. A. 635.

ferred. This line of reasoning does not shed any light on the question of the nature of the interest of the wife, but, on the contrary, assumes that the wife had a present interest capable of being consideration for its transfer.

It is significant that the respondent contradicts his theory of this case in his regulations promulgated in respect to the new section 812 (e) of the code, added by section 361 (a) of the 1948 Revenue Act. Section 81.471 (b) of Regulations 105 (T. D. 5699, C. B. 1949–1, pp. 181, 209) states that:

The surviving spouse is regarded as having merely an expectant interest in property held as community property under the law of any State, * * * (a) at the time of the decedent's death if the entire value of such property (and not merely one-half thereof) is includible in the decedent's gross estate. * * *

Section 81.47a (f) of the same regulations (T. D. 5699, C. B. 1949–1, pp. 181, 202) reads as follows:

(f) *Effect of election by surviving spouse.*—The following rules are applicable where the surviving spouse may elect between a property interest offered to her under the decedent's will or other instrument and a property interest to which she is otherwise entitled (such as dower, a right in the decedent's estate, or her interest under community property laws) of which adverse disposition was attempted under such will or other instrument. If the surviving spouse elects to take against the will or other instrument, then (1) the property interest offered thereunder is not considered as having "passed from the decedent to his surviving spouse" and (2) the dower or other property interest retained by her is considered as having so passed only if it otherwise so qualifies under this section. If the surviving spouse elects to take under the will or other instrument, then (i) the dower or other property interest relinquished by her is not considered as having "passed from the decedent to his surviving spouse" (irrespective of whether it otherwise comes within the definition stated in paragraph (b) of this section) and (ii) the interest taken under the will or other instrument is considered as having so passed only if it otherwise so qualifies under this section. As to the valuation of the property interest taken under the will or other instrument, see paragraph (b) of section 81.47c.

A reading of these regulations, although they are not by their terms applicable to this case because the husband's death occurred prior to 1948, clearly shows that the theory set forth therein is directly opposed to the respondent's contention that the wife had a vested interest which was transferable by her on the death of her husband.

The similarity between the wife's interest in California community property of the pre-1927 type and other interests, the transfer of which has not heretofore been considered taxable, effectively militates against a tax on the interest in this case. A renunciation of a legacy is not a transfer within the meaning of section 811 (c). *Brown* v. *Routzahn*, 63 Fed. (2d) 914. Cf. *Estate of Eleanor Hughes Beggs*, 13 T. C. 131. An unexercised power of appointment is not considered an interest taxable at death. *Helvering* v. *Safe Deposit & Trust Co. of Baltimore*, 316 U. S. 56. The relinquishment of dower or curtesy and election to take under a will is not construed historically as a taxable

transfer nor is it so construed by the respondent's new regulations cited above.

The respondent argues alternatively that, if the wife's interest did not vest during her husband's lifetime, but was merely an expectancy, at his death her interest in one-half of the property ripened into an interest that she was required to renounce in order to take under the will and that this renunciation by her formal election was a taxable transfer of her interest to the trustees. The gist of this argument involves the nature of the interest of Selina J. Gray in the property as of the time of this formal election and her rights at that time. Under the local law, no conveyance or transfer from the wife is necessary to have title to the entire community property pass under the will. The testamentary disposition by the husband of more than one-half of the community property is only voidable as to the excess of one-half—not void. If the wife elects to accept the provisions of the will, the disposition in excess of one-half is affirmed and made valid and the testamentary disposition then vests the property in the donee. *Spreckels* v. *Spreckels*, 172 Cal. 775; 158 Pac. 537; *Blethen* v. *Pacific Mutual Life Insurance Co.*, 198 Cal. 91; 243 Pac. 431.

We think it is abundantly clear that the wife in this case had only the *possibility* of becoming an heir and succeeding to one-half of the pre-1927 community property and that in electing to take under the trust she removed this possibility. This was only an election as to which of the two interests she would receive—not the receiving and the transfer of an interest.

In our opinion, Selina J. Gray did not receive an interest which she transferred within the meaning of section 811 (c) in electing to accept the provisions of the will, and we so hold. The decision in this respect is dispositive of the subordinate issues.

The parties have stipulated to settle the amount of certain deductions under Rule 50.

Reviewed by the Court.

*Decision will be entered under Rule 50.*