[Civ. No. 3896.   Fourth Dist.   Aug. 29, 1951.]

FRIEDA CARROLL KINGSLEY et al., as Administratrices, etc., Respondents, v. GEORGE M. CARROLL et al., Appellants.

Shaw & Roberts and Leo A. Deegan for Appellants.

No appearance for Respondents.

MUSSELL, J.—This action was brought to compel the defendants to convey and transfer to plaintiffs, as administratrices, certain real and personal property situated in Riverside and Orange Counties. The Riverside real property, consisting of three lots, is described in the complaint as Parcels 1, 2 and 3. These lots and the personal property in the buildings thereon are not involved in this appeal. The real property described in the complaint as Parcel 4 was situated at East Newport in Orange County and was referred to in the testimony as the "beach place" or "cottage." This property was conveyed to defendants, as joint tenants, by Minnie Alguire, by deed dated May 5, 1943. The deed was prepared by one Joseph Long of Security Title Insurance and Guaranty Company, acknowledged by him on May 18, 1943, and delivered to defendant George Carroll, who recorded it on July 1, 1943.

On November 10, 1933, the real property described as Parcels 1, 2 and 3 was conveyed to defendant George Carroll by three deeds, executed and delivered by Minnie P. Alguire. On the same date she executed four bills of sale, by which she transferred to Carroll the furniture, furnishings and fixtures in the four buildings located upon this property. Mrs. Alguire died on May 17, 1944, and the present action was filed April 27, 1945.

The complaint sets forth five causes of action and contains allegations that Mrs. Alguire never made any valid delivery of the deeds to Parcels 1, 2, 3 and 4 or of the bills of sale;

that she never intended to part with her title to the property and that on May 10, 1944, defendants surreptitiously took said deeds and bills of sale from Mrs. Alguire and caused them to be recorded; that from January, 1932 to May 14, 1944, defendant George Carroll was Mrs. Alguire's agent, partner and confidential adviser; that he abused his confidential relationship and unduly influenced Mrs. Alguire to make and execute the deeds and bills of sale in his favor; that from January, 1933, to May 17, 1944, Mrs. Alguire was unable to transact any business without the guidance and suggestions of defendant George Carroll; that from May 1 to May 17, 1944, she was incompetent; that defendants gave no consideration for the deeds and bills of sale and that defendants have appropriated the personal property described in the bills of sale to their own use. The relief sought is a decree that defendants hold all of said real and personal property as trustees for the use and benefit of the estate of the decedent; that defendants be required to convey and transfer all of said property to plaintiffs and that an accounting be had.

The trial court found that defendants did not surreptitiously take any of the deeds from the possession of Mrs. Alguire; that the deeds were recorded with her knowledge, consent and at her special instance and request; that a confidential relationship did exist between Mrs. Alguire and defendant George Carroll; that defendant George Carroll did not take any undue advantage of or unduly influence Mrs. Alguire to execute the deeds or bills of sale or any of them; that the deeds and bills of sale were not held by defendants in trust except as to the deed conveying parcel four; that Mrs. Alguire was not sick in mind and body as alleged in the complaint, but she was at all times fully competent and of sound mind, fully understood the nature of her property, her natural obligations to her relatives, and was thoroughly capable of transacting her business; that there was adequate consideration for all transfers of real and personal property made by Mrs. Alguire except as to the property described in Parcel 4.

The specific findings as to Parcel 4 were that on May 5, 1943, Minnie Alguire executed and delivered a deed to defendants describing Parcel 4 and that the deed was recorded July 1, 1943; that Mrs. Alguire did not intend to part with her title to Parcel 4; that she executed and delivered the deed thereto solely for the purpose of enabling the grantees to refinance said property for her use and benefit and that the deed to

said property was held by defendants in trust for Mrs. Alguire.

The trial court gave judgment, in effect quieting title in defendant George Carroll to all of the real property described as Parcels 1, 2 and 3, and the personal property covered by the bills of sale and that portion of the judgment has become final. We are here concerned only with the portion thereof affecting Parcel 4. The court held that plaintiffs were entitled to said Parcel 4 and ordered defendants to execute and deliver a deed thereto to plaintiffs.

The question presented is whether the findings and judgment as to the Orange County real property are supported by substantial evidence. We conclude that this question must be answered in the negative.

Respondents have not filed a brief herein and no showing of excuse for the failure so to do appears in the record. We may therefore accept the statement of facts appearing in appellants' opening brief. (Rules on Appeal, rule 17, subd. (b).)

It appears from the record that Mrs. Alguire acquired all of the real and personal property described in the complaint after the death of her husband in 1930. In 1933 she conveyed all her property except the Orange County place to her nephew, defendant George Carroll. From 1930 until his aunt's death in 1944, Carroll performed many services for her in connection with her orange groves. He did pruning, irrigating and tractor work and invested his money in tractors, spray rigs, cultivators and other equipment. In addition to the grove work, he spent considerable time in the maintenance and repair of the buildings on the decedent's property. The sole compensation received by Carroll for these services and equipment purchased was the conveyances to him of the property here involved. He testified that at the time the deeds and bills of sale to the Riverside property were delivered to him, Mrs. Alguire said "George, here are the deeds to all my property. Here are the bills of sale that will cover all the contents of all my buildings. This is yours in part payment for the labor you have done for me, and that I know you will do for me the rest of my life." The services rendered not only furnished adequate consideration for the 1933 transfers, as the court found, but also for the conveyance to Carroll and his wife of the "beach property." In this connection, the evidence shows that Carroll gave Mrs. Alguire $500 to apply on the trust deed and note on the beach

property and after the deed was delivered to him, he borrowed $1,800 with which he satisfied the entire balance due. Under such circumstances there was sufficient consideration for the transfer of Parcel 4. (*Holtze* v. *Holtze,* 2 Cal.2d 566, 568 [42 P.2d 323].)

The finding that Mrs. Alguire did not intend to part with title to Parcel 4 is without evidentiary support. The record shows that in 1940 Mrs. Alguire negotiated a loan on Parcel 4 in the sum of $2,000, and executed a trust deed thereon to one McDowell; that in July, 1943, she offered Parcel 4 to her niece, Mrs. Winsler, and suggested that a deed be made out to be held by her until after Mrs. Alguire's death. This offer was not accepted by Mrs. Winsler; that early in 1943 Mrs. Alguire stated to defendant George Carroll that she had offered the property to Mrs. Winsler.; that the offer was rejected and that it would be up to George Carroll to take the property or she would turn it over to Mr. McDowell for the mortgage he held on the place. The deed to Carroll of this property was absolute in form and no written conditions or declaration of trust appear therein. There is no evidence in the record of any request by Mrs. Alguire that this property was to be held in trust and no evidence of any express trust arrangement or agreement. There was no testimony that the defendants agreed to refinance the property or hold it in trust. The evidence was that Mrs. Alguire intended to let the property go to Mr. McDowell if the defendants did not take it. There is no finding of fraud, undue influence, abuse of confidential relationship or other conduct on the part of defendants from which an involuntary trust or trust by operation of law would arise. The court found that the defendants did not take any undue advantage or unduly influenced Mrs. Alguire to execute the deeds or bills of sale or any of them and that she was at all times of sound mind and fully competent. Under the circumstances shown by the record, no trust by operation of law was established. (*Sheehan* v. *Sullivan,* 126 Cal. 189, 192, 193, 194 [58 P. 543].)

The court found that a relationship of trust and confidence existed between Mrs. Alguire and defendant George Carroll and this finding is supported by the evidence. However, mere proof of a confidential relationship between grantor and grantee is not sufficient to establish a trust. As was said in *Sherman* v. *Sandell,* 106 Cal. 373, 374-375 [39 P. 797]:

"It is well established that although a conveyance of lands is absolute in terms, and on its face purports to convey an

estate in fee, it may nevertheless be shown that the lands are held by the grantee in trust; and that the terms of such trust may be shown by oral testimony. In order, however, that the lands so conveyed may be impressed with a trust, the trust must be created and its terms agreed upon by the parties to the instrument at the time of its execution, or the instrument must be executed in pursuance of such previous agreement. An absolute conveyance of lands cannot, after its execution, be turned into a trust by any oral declarations of the parties thereto. The statute of frauds forbids the creation of a trust in real property by simple verbal declarations of its owner, and a grantor cannot, by any subsequent declarations, defeat the effect of his deed. It is also well established that the evidence which will authorize a court to find that a conveyance of lands which is absolute in terms was in reality made upon a trust must be clear, satisfactory, and convincing; that the parties to an instrument which is clear and unambiguous in its terms must be presumed to have intended the legal effect of those terms, unless it is clearly and satisfactorily shown that it was their mutual intention that those terms should have a different effect. (*Mahoney* v. *Bostwick*, 96 Cal. 58 [30 P. 1020, 31 Am.St.Rep. 175]. *Ensign* v. *Ensign*, 120 N.Y. 655 [24 N.E. 942].)''

Evidence was introduced by plaintiffs as to asserted statements made by George Carroll to the effect that Mrs. Alguire owned the beach property after conveying it to Carroll in 1943. Carroll denied making any such statements and if we assume that they were made, they are not sufficient to support a finding that Mrs. Alguire conveyed the property in trust.

The portion of the judgment appealed from is reversed.

Barnard, P. J., and Griffin, J., concurred.