[Civ. No. 23773.   First Dist., Div. Two.   May 18, 1967.]

ROBERT H. JOSE et al., Plaintiffs and Appellants, v.
   PACIFIC TILE AND PORCELAIN COMPANY et al.,
   Defendants and Respondents.

Mannina & Tambling and Don A. Tambling for Plaintiffs and Appellants.

Joseph J. Weissman, Felice R. Cutler and Ildo L. Rosellini for Defendants and Respondents.

TAYLOR, J.—Plaintiffs appeal from an adverse judgment in their action to quiet title to real property, arguing that the trial court erred in excluding evidence that the property was held for them under an oral trust by defendants' judgment debtors.

The facts are not in dispute. In 1958 plaintiffs, Robert H. and Florence N. Jose, hereafter Joses, acquired a parcel of real property in Santa Clara County. The Joses entered into possession of the property and at all times managed it and made all repairs and payments in relation to the property. On April 25, 1960, Mrs. Jose and her parents, Carmine P. and Virginia Catello, hereafter Catellos, asked an attorney to prepare a deed conveying the property to the Catellos, without consideration, pending the outcome of the Joses' marital problems. This deed was duly executed and delivered shortly thereafter and recorded on January 4, 1963. The Joses continued to manage the property, made all tax, mortgage and insurance payments, and took income tax deductions for the interest paid. The mortgagee was never informed of the deed to the Catellos. The Catellos never asserted or claimed any interest in the property.

On June 10, 1963, and January 7, 1964, respectively, the defendants, both judgment creditors of the Catellos, recorded abstracts of two judgments against the Catellos, individually and doing business as San Jose Tile Company. On June 17, 1963, the Catellos quitclaimed the property to plaintiffs, by a deed that was not recorded until January 27, 1964. On February 9, 1965, plaintiffs filed this action to quiet title, alleging that the Catellos held the property for them on an oral trust. At the trial, the court sustained defendants' objections to the introduction of evidence relating the conversation of the parties, at the time of the conveyance to the Catellos, about the purpose of the transfer.

The sole contention on this appeal is that the trial court erroneously excluded evidence indicating that the Catellos held the property under an oral trust for plaintiffs.

[1] As a general rule, the statute of frauds (Civ. Code, § 852)[1] forbids the creation of a trust in real property by simple verbal declarations of its owner, and a grantor cannot, by any subsequent declarations, defeat the effect of his deed. However, the statute, by its own terms, does not apply to a trust created by operation of law (*Briggs* v. *Nilson*, 226 Cal. App.2d 342, 346 [38 Cal.Rptr. 68]) and it clearly would not

---

[1]"No trust in relation to real property is valid unless created or declared:

"1. By a written instrument, subscribed by the trustee, or by his agent thereto authorized by writing;

"2. By the instrument under which the trustee claims the estate affected; or,

"3. By operation of law."

144

apply where the trustees themselves, as indicated here, make no claim to an absolute conveyance. ▪ Thus, it has been held that a trust, though created by parol, may become valid and binding when possession is taken or the trust has been fully carried out (*Casa Colina Convalescent Home etc., Inc.* v. *Wiest*, 214 Cal.App.2d 161, 166 [29 Cal.Rptr. 407]).

▪ It is well established that although a conveyance of lands is absolute in terms, and on its face purports to convey an estate in fee, it may nevertheless be shown that the lands are held by the grantee in trust; and that the terms of such trust may be shown by oral testimony. ▪ In order, however, that the lands so conveyed may be impressed with a trust, the trust must be created and its terms agreed upon by the parties to the instrument at the time of its execution, or the instrument must be executed in pursuance of a previous agreement. ▪ Furthermore, the evidence that will authorize a court to find that a conveyance of lands which is absolute in terms was, in reality, made upon a trust must be clear, satisfactory and convincing. The parties to an instrument which is clear and unambiguous in its terms must be presumed to have intended the legal effect of those terms, unless it is clearly and satisfactorily shown that it was their mutual intention that those terms should have a different effect.

▪ The burden of proof to thus vary the terms of the instrument is on the party claiming contrary thereto, and he must establish his allegations by a preponderance of the evidence. The issue is purely one of fact (*Sherman* v. *Sandell*, 106 Cal. 373, 374-375 [39 P. 797]).

▪ Under the above rules, it was error for the trial court to exclude the conversation between Florence and the Catellos occurring at the time the deed was executed and concerning the circumstances of the conveyance. Here, the deed from the child to the parents was without consideration. The relationship of parent-child is a factor in establishing a confidential relationship (*Briggs* v. *Nilson, supra*, p. 346). If a grantee, by means of a parol promise to reconvey, obtains an absolute deed without consideration from one to whom he stands in a confidential relationship, a breach of promise has been held to be constructive fraud and a trust imposed (*Bradley Co.* v. *Bradley*, 37 Cal.App. 263, 265 [173 P. 1011]). Furthermore, the uncontroverted evidence here was that plaintiffs had made all the mortgage, insurance and tax payments, were in possession after the deed to the Catellos and managed the property at all times. An express trust in land based on entirely oral

transactions can be enforced if, with the consent of the trustee, the beneficiary enters into possession or irrevocably changes his position in reliance on the trust (*Mulli* v. *Mulli*, 105 Cal.App.2d 68, 73 [232 P.2d 556]). The subsequent quitclaim deed is also consistent with the existence of a trust and the Catellos' lack of any interest in the property.

It was incumbent on the trial judge to allow the conversation in question to be admitted and to weigh it along with the other evidence before determining the rights of the parties. Even considering the protections afforded by the recording statutes, defendants, as judgment creditors, could execute only to the extent of the Catellos' actual interest in the property (*Hansen* v. *G & G Trucking Co.*, 236 Cal.App.2d 481 [46 Cal.Rptr. 186]).

The judgment is reversed.

Shoemaker, P. J., and Agee, J., concurred.